**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES of AMERICA :
: CRIMINAL NO. 3:09 CR 241
vs. :
:
MARVIN JAYMA, :
SHAWN MAIERS, :
MIKE BESEDA, :
JEFFREY SHOVLIN, :
COLBY GRONSKI, :
CRAIG SIMMONS, :
STEVE MCKENZIE, :
TERRELL NICHOLSON, :
ISHMAEL GARRETT, :
JAMARR REID, :
MARK AGUILAR, :
PETER FULLER, :
JOHN GRAY, :
GORDON MASON, :
DAVID TROMBLY, :
SCOTT HUGHES, and :
CHARLOTTE SPAK :
:
Defendants :

FILED
SCRANTON
AUG 0 4 2009
PER ____________
DEPUTY CLERK

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about a date unknown to the Grand Jury and continuing to on or about the date of this Indictment, in the Middle District of Pennsylvania, and elsewhere, the defendants,

**MARVIN JAYMA, SHAWN MAIERS, MIKE BESEDA, JEFFREY SHOVLIN,**

**COLBY GRONSKI, CRAIG SIMMONS, STEVE MCKENZIE, ISHMAEL GARRETT, JAMARR REID, TERRELL NICHOLSON, and MARK AGUILAR,** knowing and intentionally attempted, combined, conspired, confederated and agreed with persons both known and unknown by the Grand Jury, to commit the following offenses against the United States: to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and marihuana, a Schedule I controlled substance,

in violation of Title 21 United States Code, Section 841(a)(1) and 841(b)(1)(B).

**MANNER AND MEANS**

It was part of the conspiracy for members of the conspiracy to travel to North Carolina to obtain quantities of amounts of cocaine, cocaine base, and marijuana for distribution within the Middle District of Pennsylvania.

It was part of the conspiracy for members of the conspiracy to transfer money via Western Union, Money Gram, and similar cash transfer businesses.

It was part of the conspiracy for members of the conspiracy to use a cellular telephone to communicate with co-conspirators and arrange for the transfer of cash and illegal drugs.

It was part of the conspiracy for members of the conspiracy to use a cellular telephone to communicate with customers and arrange for the sale of cocaine base (crack), cocaine and marihuana.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish the objects of it, one or more of the defendants and conspirators, both indicted and unindicted, committed, among others, the following overt acts in the Middle District of Pennsylvania and elsewhere:

1. On or about June 6, 2009, MARVIN JAYMA traveled from Pennsylvania to North Carolina for the purpose of obtaining illegal drugs to distribute in Pennsylvania.

2. On or about June 6, 2009, JEFFREY SHOVLIN utilized Western Union in the Middle District of Pennsylvania to transfer money to MARVIN JAYMA for the purpose of obtaining illegal drugs in North Carolina.

3. On or about May 28, 2009, JEFFREY SHOVLIN possessed with intent to deliver cocaine and marihuana, in Wilkes-Barre, Pennsylvania.

4. On or about June 4, 2009, JEFFREY SHOVLIN exited his residence in Wilkes-Barre, Pennsylvania while he possessed with intent to deliver cocaine and marihuana.

5. On or about March 12, 2009, Ishmael Garrett and Colby Gronski traveled to the area of Blackman and Brown Streets, Wilkes-Barre, Pennsylvania in order to distribute 81 grams of cocaine.

All in violation of Title 21 United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

**Count 2**

On or about a date unknown to the Grand Jury and continuing to on or about the date of this Indictment, in the Middle District of Pennsylvania, and elsewhere, the defendants,

**ISHMAEL GARRETT, PETER FULLER, JOHN GRAY, and CHARLOTTE SPAK**

knowing and intentionally attempted, combined, conspired, confederated and agreed with persons both known and unknown by the Grand Jury, to commit the following offenses against the United States: to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base (crack), both Schedule II controlled substances, and marihuana, a Schedule I controlled substance,

in violation of Title 21 United States Code, Section 841(a)(1).

**MANNER AND MEANS**

It was part of the conspiracy for members of the conspiracy to use a cellular telephone to communicate with co-conspirators and arrange for the transfer of cash and illegal drugs.

It was part of the conspiracy for members of the conspiracy to use a cellular telephone to communicate with customers and arrange for the sale of cocaine base (crack), cocaine and marihuana.

## OVERT ACTS

In furtherance of the conspiracy and to effect and accomplish the objects of it, one or more of the defendants and conspirators, both indicted and unindicted, committed, among others, the following overt acts in the Middle District of Pennsylvania and elsewhere:

1. On or about July 21, 2009, Peter Fuller traveled to 536 Carey Avenue, Wilkes-Barre, Pennsylvania for the purpose of obtaining controlled substances.

2. On or about July 21, 2009, Charlotte Spak and Ishmael Garrett, utilizing a cellular telephone, conspired to distribute cocaine and cocaine base (crack).

All in violation of Title 21 United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 3**

On or about March 12, 2009, in the Middle District of Pennsylvania, and elsewhere, the Defendants,

**ISHMAEL GARRETT and COLBY GRONSKI,**

aiding and abetting each other, and aided and abetted by each other, knowingly and intentionally distributed, and possessed with intent to distribute a mixture and substance containing Cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 4**

On or about April 22, 2009, in the Middle District of Pennsylvania, and elsewhere, the Defendants,

**MARVIN JAYMA AND ISHMAEL GARRETT,**

aiding and abetting each other, and aided and abetted by each other, knowingly and intentionally distributed, and possessed with intent to distribute a mixture and substance containing Cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 5**

On or about the 28th day of May, 2009, within the Middle District of Pennsylvania and elsewhere, the Defendant,

**MARVIN JAYMA,**

knowingly and intentionally possessed with intent to distribute and distributed 50 grams or more of a mixture and substance containing a detectable amount of Cocaine Base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 6**

On or about the 28th day of May, 2009, within the Middle District of Pennsylvania and elsewhere, the Defendant,

**JEFFREY SHOVLIN,**

knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of Cocaine, a Schedule II controlled substance, and Marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 7**

On or about the 4th day of June, 2009, within the Middle District of Pennsylvania and elsewhere, the Defendant,

**JEFFREY SHOVLIN,**

knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of Cocaine, a Schedule II controlled substance, and Marihuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 8**

On or about March 4, 2009, in the Middle District of Pennsylvania, and elsewhere, the Defendants,

**MARK AGUILAR,**

knowingly and intentionally distributed, and possessed with intent to distribute a mixture and substance containing Cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 9**

On or about February 11, 2009, in the Middle District of Pennsylvania, and elsewhere, the Defendants,

**MARK AGUILAR,**

knowingly and intentionally distributed, and possessed with intent to distribute a mixture and substance containing Cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 10**

On or about the 22nd day of July, 2009, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**GORDON MASON,**

did knowingly and intentionally use any communication facility, telephone number 570-592-5737, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 11**

On or about the 3rd day of July, 2009, in the Middle District of Pennsylvania, and elsewhere, the defendant,

GORDON MASON,

did knowingly and intentionally use any communication facility, telephone number 570-592-5737, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 12**

On or about the 15th day of July, 2009, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**DAVID TROMBLY,**

did knowingly and intentionally use any communication facility, cellular telephone number 570-614-6613, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 13**

On or about the 11th day of July, 2009, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**SCOTT HUGHES,**

did knowingly and intentionally use any communication facility, cellular telephone number 570-540-0287, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), that is, possession with intent to distribute a controlled substance and distribution of a controlled substance.

All in violation of Title 21, United States Code, Section 843(b).

**The Grand Jury further charges:**

**COUNT 14**

On or about July 30, 2009, in the Middle District of Pennsylvania, and elsewhere, the defendants,

**MARVIN JAYMA AND JEFF SHOVLIN,**

aiding and abetting each other, and aided and abetted by each other, knowingly used, and carried and possessed a firearm, make (unknown), model (unknown) and serial number (unknown), during and in relation to a drug trafficking crime, or which may be prosecuted in a court of the United States, (distribution and possession with intent to distribute a mixture and substance containing a controlled substance, in violation of 21 U.S.C. §841(a)(1)),

In violation of Title 18 United States Code, Section 924(c)(1) and Title 18, United States Code, Section 2, and Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (Pinkerton liability).

**A TRUE BILL**

[redacted]

MARTIN C. CARLSON By [illegible]
United States Attorney

Date: 8/4/09